IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIANNA GRESSETT,

       Plaintiff,

v.                                                              No. 1:22-cv-00133-KK

CHARLES ROY, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND ORDER TO FILE AN AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 23, 2022, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 9, filed April 8, 2022.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins* v. E.I.

*DuPont* de Nemours & Co., 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Id. at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $0.00; and (ii) Plaintiff has no cash and no money in a bank account.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and because she has no monthly income.

**The Complaint**

Plaintiff asserts civil rights violations claims against 22 Defendants, two of which are health-care workers in Killeen, Texas.  *See* Complaint at 1-3.  Plaintiff alleges "me & my family are being monitored," "extortion is taking place," and Defendants are "using me for intertainment, Rights have been brokin medical, [illegible] & civil rights, privacy act. Abuse through the medical care, sexual abuse & verbal abuse, aggervated stalking."  [sic] Complaint at 2.

Plaintiff states that she "moved to Albuquerque NM in 2019 at the end of that year & the individuals followed me down here to New Mexico."  Complaint at 5.  Plaintiff "then relocated to Killeen TX in the middle of 2020 to the stressful situation of being monitored & having no control over my body" and "came back to New Mexico."  Complaint at 6.

Plaintiff states: "The charges Im pressing is criminal & harrasment, stalking, sex trafficing, slandering, filing charges, cruilty & observing me w/out a license."  [sic] Complaint

at 6.  Plaintiff also states: "I need protection for myself including my family."  Complaint at 8.  Plaintiff "would like for these individuals to be arrested & brought to justice."  Complaint at 11.

The Complaint should be dismissed because it fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted").  The Complaint fails to state a claim because it fails to state with particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  A complaint should also indicate where each defendant resides, where the events or omissions giving rise to the claim occurred, and explain why each Defendant was acting under color of state law.  *See* McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011) (stating Section 1983 only authorizes suits against persons who, acting under color of state law, violate a right secured by federal law).

If Plaintiff is asserting claims on behalf of her family, the Complaint fails to state a claim for her family members.  "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

The Complaint also fails to state a claim to the extent it seeks criminal charges against Defendants.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief can be granted. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) a motion for service which includes the address of each Defendant.

    **IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 9, filed April 8, 2022, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**